UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br>　　v.<br>BRIAN TUCKER,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:15-mj-00012-GWF<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on Defendant's Motion for Order Directing Return of Seized Property (ECF No. 10), filed December 26, 2018. The Court entered Orders (ECF Nos. 11 and 12) instructing the Government to respond. The Government filed its Response (ECF No. 13) on February 11, 2019. To date, no Reply has been filed and the time for which has now passed.

**BACKGROUND**

Defendant represents that on January 12, 2015, he was arrested in Henderson, Nevada pursuant to a warrant for his arrest issued by the United States District Court for the Southern District of Indiana.[1] During his arrest, it is alleged that law enforcement seized a package addressed to Defendant that contained $14,960.00. Finally, Defendant represents that at his sentencing hearing in the Southern District of Indiana, the United States indicated it had no interest in the currency seized in Nevada. *Motion* (ECF No. 10).

The Government avers that it contacted the Government's counsel in Defendant's Indiana case, AUSA Lauren Wheatley, and learned that the Government did not agree to the return of Defendant's property. It further argues that while the Defendant's property was seized out of this

---

[1] *United States v. Brian Tucker*, Case No. 3:14-cr-00052-RLY-CMM-1.

1

District, it is considered under the control of the Drug Enforcement Agency in the District where Defendant was indicted. To date, Defendant has not filed a reply to the Government's opposition.

## DISCUSSION

If a criminal proceeding is no longer pending, a motion for return of property is treated as a civil complaint governed by the Federal Rules of Civil Procedure. *United States v. Ibrahim*, 522 F. 3d 1003, 1007 (9th Cir. 2008) (citing *United States v. Ritchie*, 342 F. 3d 903, 906-07 (9th Cir. 2003)). The Court converts the opposition to the motion for return of property into a motion for summary judgment if it cannot be decided on the pleadings, and the court determines whether the Government has demonstrated that there is no "genuine issue of material fact" and that it is entitled to "judgment as a matter of law." *Id*. at 1008. If the summary judgment standard is not met the court should go forward with additional proceedings consistent with the Federal Rules of Civil Procedure. *Id*. Based on the representations made by the Government, the Court finds the Defendant should refile his motion in the Southern District of Indiana, where he was indicted. Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall open a sealed civil case and assign a District Judge.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall refile Defendant's Motion for Order Directing Return of Seized Property (ECF No. 10) in the civil case.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Order Directing Return of Seized Property (ECF No. 10) be **denied**, without prejudice. Defendant may refile his motion in the Southern District of Indiana.

Dated this 12th day of March, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE